# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN D'WAYNE MARTIN<br><br>FEDERAL HOUSING FINANCE AGENCY *as Conservator of Fannie Mae and Freddie Mac*<br><br>Defendants. | Case No. 2:17-cv-00005-RFB-DJA<br><br>**ORDER** |
| JONATHAN D'WAYNE<br><br>Counter Claimant,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>Defendants. | |

## I.  INTRODUCTION

Before the Court are Plaintiff Federal National Mortgage Association's Motion for Summary Judgment and Defendant Jonathan D'Wayne Martin's Motion for Summary Judgment, Motion for Sanctions, Motion to Enjoin Interested Parties, and Motion to Take Judicial Notice. ECF Nos. 25, 30, 41, 54. For the following reasons, the Court grants Plaintiff's motion for summary judgment and denies the other motions.

## II. PROCEDURAL BACKGROUND

Plaintiff Federal National Mortgage Association ("Fannie Mae") sued Defendant Jonathan D'Wayne Martin ("Mr. Martin" or "Defendant") on January 3, 2017. ECF No. 1. Fannie Mae seeks declaratory relief that a nonjudicial foreclosure sale conducted in 2013 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish Fannie Mae's interest in a Las Vegas property. Id. To obtain the relief, Fannie Mae asserts the following claims in the complaint: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title under 12 U.S.C. § 4617(j)(3); (3) declaratory relief under the Fifth and the Fourteenth Amendments to the United States Constitution; (4) quiet title under the Fifth and the Fourteenth Amendments to the United States Constitution; (5) declaratory relief; and (6) quiet title. Id. Defendant moved to dismiss the case on February 21, 2017. ECF No. 7. On April 18, 2017, the Court stayed the case pending resolution of pertinent cases in the Ninth Circuit and Nevada Supreme Court and denied all pending motions without prejudice. ECF No. 22. On April 10, 2019, the Court lifted the stay. On May 13, 2019, Defendant, pro se, answered the complaint with counterclaims for declaratory relief, quiet title, slander of title, conspiracy to interfere with civil rights, negligent infliction of emotional distress, wrongful, fraudulent and illegal foreclosure practices under 18 U.S.C. § 1001. On May 17, 2019, Fannie Mae moved for summary judgment. ECF No. 25. Defendant also moved for summary judgment on June 6, 2019. ECF No. 30. Defendant moved for sanctions on July 19, 2019. ECF No. 41. Defendant also filed motions to enjoin interested parties and a motion to take judicial notice on November 22, 2019.

/ / /

/ / /

/ / /

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 2136 Peach Hill Avenue, Las Vegas, Nevada, 89106 (the "property"). The property sits in a community governed by the Summit Hills Homeowners Association (the "HOA"). The HOA requires its community members to pay HOA dues.

Nonparties Donny and Pearlie Dickey borrowed funds from First Horizon Home Loan Corporation to purchase the property in 2007. To obtain the loan, the Dickeys executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists the Dickeys as the borrower, First Horizon Home Loan Corporation as the lender, and Mortgage Electronic Registration Systems, Inc., ("MERS") as the beneficiary, was recorded on May 30, 2007. MERS recorded an assignment of the deed of trust to Fannie Mae on January 25, 2013. On February 27, 2013 a substitution of trustee was recorded naming First American Trustee Servicing Solutions, LLC as trustee.

Fannie Mae purchased the note and the deed of trust in July 2007. The relationship between Fannie Mae and its servicers, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings."  The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae.  The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae.  But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]"  Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf."  The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA").  HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and the Federal

Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008.

The Dickeys fell behind on HOA payments. On July 3, 2013, the HOA held a foreclosure sale on the property under NRS Chapter 116. On July 19, 2013, a trustee's deed upon sale was recorded stating that the property had been sold under NRS Chapter 116 to Mr. Martin on July 3, 2013. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

However, the Dickeys had also fallen behind on their loan. A notice of default and election to sell under deed of trust was recorded on August 5, 2013. Mr. Martin received this notice. On November 26, 2013, a notice of trustee's sale was recorded that set the foreclosure sale under the deed of trust for December 16, 2013 at 10:00am. Mr. Martin also received this notice. On December 3, 2013, Mr. Martin, acting pro se, filed a complaint to quiet title in Clark County, District Court of Nevada against the original lender First Horizon. On December 16, 2013, Mr. Martin filed an amended complaint to quiet title adding the substituted trustee First American Trustee Servicing Solutions, LLC to the complaint. On December 16, 2013, Mr. Martin filed an ex parte motion for preliminary injunction, permanent injunction and temporary restraining order. Mr. Martin filed this notice eight minutes after the foreclosure sale was scheduled to occur. Mr. Martin did not pay a security or bond to support the temporary restraining order. On that same date, also eight minutes after the scheduled foreclosure sale, the state court granted the temporary restraining order and scheduled a hearing for December 30, 2013. The foreclosure sale went forward on December 16, 2013, where Fannie Mae purchased the property for $192,014.60 as recorded in a trustee's deed upon sale on December 19, 2013.

On December 30, 2013, no parties appeared at the temporary restraining order hearing, and the case was marked off the calendar. The state court scheduled the case for a hearing on July 6, 2016 for a status check, however when no parties appeared, the state court closed the case.

### b. Disputed Facts

The parties dispute the legal effect of the circumstances.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted). Pro se documents are to be liberally construed by the courts, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

/ / /

## V. DISCUSSION

The Court finds that the Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) applies in this case and operated to preserve Fannie Mae's deed of trust. The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovksy, 869 F.3d at 927–31. Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932–33. The Court finds that the evidence establishes that Fannie Mae had an interest in the property at the time of the HOA foreclosure sale.

The Court considers if Fannie Mae provided the proper foundation and sufficient evidence to show that Fannie Mae acquired a property interest prior to the foreclosure sale. To establish Fannie Mae's property interest, Fannie Mae attached printouts from Fannie Mae's Servicer and Investor Reporting ("SIR") electronic database. The printouts are accompanied by a declaration of Graham Babin, an employee of Fannie Mae. Babin translates the printouts and identifies the Guide. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount the servicing history of the loan. This evidence is sufficient to support a finding that the Federal Foreclosure Bar applies, as both the Ninth Circuit and Nevada Supreme Court have repeatedly found. See, e.g., Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC, 893 F.3d 1136 (9th Cir. 2018) (applying Federal Foreclosure Bar with similar evidence presented); Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019) (same).

Next the Court examines whether the corresponding foreclosure under the deed of trust extinguished Mr. Martin's title interest in the property. Nevada is a race-notice state, which means that seniority of interests may be determined by examining whose interest was recorded first. <u>SFR Invs. Pool 1, LLC v. Green Tree Servicing, LLC</u>, 432 P.3d 718 n.3 (Nev. 2018) (explaining that Nevada is a race-notice state); <u>State Dep't of Taxation v. Kawahara</u>, 351 P.3d 746, 748 (Nev. 2015) (explaining circumstances in which Nevada employs the common-law rule of "first in time, first in right"). The original deed of trust was recorded on May 30, 2007. Mr. Martin's interest in the property was recorded on July 19, 2013. Because Mr. Martin obtained the property subject to Fannie Mae's deed of trust, the deed of trust was senior to Mr. Martin's title interest in the property, and the trustee was entitled to foreclose on the interest. "While a lien creates a security interest in property, a lien right alone does not give the lienholder right and title to property. Instead, title, which constitutes the legal right to control and dispose of property, remains with the property owner until the lien is enforced through foreclosure proceedings." <u>Hamm v. Arrowcreek Homeowners' Ass'n</u>, 183 P.3d 895, 902 (Nev. 2008) (internal citations omitted). Although Mr. Martin had a title interest in the property, he lost that title interest when the foreclosure sale under the deed of trust occurred.

In order to effectuate a trustee's sale lawfully, the version of NRS 107.080 in effect at the time required that the trustee mail a copy of notice to the title owner of the property. Nev. Rev. Stat. § 107.080 (West 2013). It is undisputed that Mr. Martin had notice of the impending trustee's sale. Furthermore the version of NRS 107.080 in effect at the time also provided that if the notice and recording requirements of NRS 107.080 were not complied with, the holder of the title of record could file an action within 120 days after the date on which the person received actual notice of the sale. Nev. Rev. Stat. §107.080 (West 2013). The law also provides that a junior lienholder

may be entitled to some excess proceeds, if any, from the sale. Citibank Nevada, N.A. v. Wood, 753 P.3d 341, 342 (Nev. 1988) (affirming that a junior lienholder may be entitled to excess proceeds at trustee's sale).

It is undisputed that Mr. Martin had notice of the proceedings, and while he did attempt to enjoin the foreclosure sale, the sale apparently went forward before the temporary restraining order could be put in full effect. Nevada Rules of Civil Procedure require a security to be deposited in order to issue a preliminary injunction or temporary restraining order. Nev. R. Civ. P. 65(c). There is no record that Mr. Martin made any such payment of security or bond to effectuate his temporary restraining order. Mr. Martin also did not appear to attempt to challenge the proceeding due to lack of notice pursuant to NRS 107.080 during the relevant time period. He also did not seek any relief in the state court for any alleged violation of the state court's order. That court would have been the proper forum to seek any relief for any alleged violation of the state court order. Given the facts, the Court finds that Mr. Martin did not act sufficiently to preserve his interest in the property, and that interest was thus extinguished.

Mr. Martin argues that the Federal Foreclosure Bar violates his due process rights. He also argues that the FHFA may have implicitly consented to the sale, and that the statute of limitations bars Fannie Mae's claims.

The Court first addresses the statute of limitations question. In previously published decisions, and in the absence of subsequent Ninth Circuit or Nevada Supreme Court caselaw to shed light on the issue, this Court has found that the six-year limitations period under section 4617(j) applies to claims brought by Fannie Mae. The Court incorporates by reference its reasoning in those cases. See e.g., Fed. Nat'l Mortg. Ass'n v. Haus, No. 2:17-cv-01756, 2019 WL

/ / /

4777294, at *1, * 3 – 5 (D. Nev. Sept. 30, 2019) (explaining why the six-year provision of 4617(j) applies to Fannie Mae's claims).

For statute of limitations calculations, the clock begins on the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). A cause of action accrues "when a suit may be maintained thereon." Id. In this case, the foreclosure sale was on December 16, 2013. Plaintiffs filed their complaint on January 3, 2017—four years later. The Court finds that Plaintiffs' claims are timely filed.

The Court next examines Mr. Martin's argument that the Federal Foreclosure Bar violates due process. The Ninth Circuit has already rejected this premise in Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC. 893 F.3d 1136 (9th Cir. 2018). A procedural due process claim has two elements: 1) deprivation of a constitutionally protected liberty or property interest, and 2) a denial of adequate procedural deprivation. Id. at 1147 (citing Brewster v. Bd. Of Educ. At Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). In this case, Mr. Martin fails to meet the first element, as the Ninth Circuit has already held that Nevada foreclosure law does not function to provide buyers such as Mr. Martin a constitutionally protected property interest in purchasing homes with free and clear title. Id. at 1147–150. Furthermore, there was never a period in this case in which Mr. Martin ever had free and clear title to the property because the Federal Foreclosure Bar operated to preserve the deed of trust prior to Mr. Martin's purchase of the property.

The Court also finds that there is no evidence in the record that FHFA affirmatively consented to the sale. The Ninth Circuit is clear in its construing of 12 U.S.C. § 4617j (3) that it does not provide for implied consent to foreclosure sales. Berezovsky, 869 F.3d at 929. Without evidence of affirmative consent, the Court will not find that FHFA consented to the sale.

Mr. Martin also submitted with his answer untimely filed counterclaims. The Court dismisses the declaratory relief, slander of title, quiet title, and illegal foreclosure claims as the applicability of the Federal Foreclosure Bar is dispositive of those claims. The Court also dismisses Mr. Martin's conspiracy to interfere with civil rights claim under 42 U.S.C. § 1985, as the Court finds that Mr. Martin has failed to allege facts sufficient to support a claim of conspiracy, which requires that a person allege and prove four elements: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privilege and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. <u>United Bhd. Of Carpenters & Joiners of Am., Local 610 v. Scott</u>, 463 U.S. 825, 828–29 (1983). The Court also dismisses Mr. Martin's negligent infliction of emotional distress claim. Nevada state law allows for an individual to recover for negligent infliction of emotional distress when they are a bystander or a direct victim of negligence on the part of the tortfeasor. <u>Shoen v. Amerco, Inc.</u>, 896 P.2d 469, 477 (Nev. 1995). However, Mr. Martin has not alleged facts sufficient to support a claim that Plaintiffs were negligent and caused emotional distress as a result of that negligence. The Court also dismisses Mr. Martin's motion for sanctions as the Court does not find that the Federal Housing Finance Agency engaged in any sanctionable behavior.

The Court also dismisses Mr. Martin's Motion to Enjoin Parties, which the Court construes as a motion to dismiss pursuant to Rule 19 of the Federal Rules of Civil Procedure for failure to join a necessary party, in this case, Mr. Martin's spouse. The Court determines that it can accord complete relief between the parties already present in the suit. The deed granting title to Mr. Martin

named him only as the title owner, and Mr. Martin has submitted no documents with the Court that would otherwise indicate that Mr. Martin's spouse also had title ownership of the property.

Finally, the Court also rejects Mr. Martin's motion to take judicial notice. Mr. Martin asks that the Court take judicial notice of a presidential executive order. Rule 201 of the Rules of Evidence requires the Court to take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201. Mr. Martin, who is pro se, does not attach the full text of the executive order with his motion. The Court infers that Mr. Martin is referring to two executive orders that were signed on October 9, 2019. Neither order has any bearing on this proceeding. See Promoting the Rule of Law Through Transparency and Fairness in Civil Administrative Enforcement and Adjudication, Exec. Order No. 13,892, 84 Fed. Reg. 55,239 – 55,243 (Oct. 9, 2019); Promoting the Rule of Law Through Improved Agency Guidance Documents, Exec. Order No. 13,891, 84 Fed. Reg. 55,235 – 55,235 (Oct. 9, 2019).

Based on the foregoing, the Court grants summary judgment in favor of Plaintiff and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims and counterclaims as a result.

**VI.    CONCLUSION**

**IT IS ORDERED** that Plaintiff Federal National Mortgage Association's Motion for Summary Judgment (ECF No. 25) is granted. The Court declares that Defendant Jonathan D'Wayne Martin acquired the property subject to Fannie Mae's deed of trust, that the subsequent foreclosure sale under the deed of trust extinguished his title, and quiets title and ownership in favor of Fannie Mae.

**IT IS FURTHER ORDERED** that Defendant Jonathan D'Wayne Martin's Motion for Summary Judgment (ECF No. 30) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Jonathan D'Wayne Martin's Motion for Sanctions (ECF No. 41) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Jonathan D'Wayne Martin's Motion to Enjoin Interested Parties (ECF No. 53) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Jonathan D'Wayne Martin's Motion to Take Judicial Notice (ECF No. 54) is DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case is expunged. (ECF No. 3).

The Clerk of Court is instructed to close this case.

DATED: February 10, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**